UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TILDEN-COIL CONSTRUCTORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> LANDMARK AMERICAN INSURANCE COMPANY, <br><br> Defendant. | CASE NO. C09-1574JLR <br><br> ORDER ON MOTION TO REMAND |

This matter comes before the court on Plaintiff Tilden-Coil Constructors, Inc.'s ("Tilden-Coil") motion to remand (Dkt. # 3). The parties have not requested oral argument. Having considered the submissions of the parties, and for the reasons set forth below, the court DENIES Tilden-Coil's motion to remand (Dkt. # 3).

## I. BACKGROUND

In March 2007, Tilden-Coil, a California corporation, sued Westec Industries, Inc. ("Westec"), a Washington corporation, in San Bernadino County, California, Superior

ORDER- 1

Court (the "California action"). (*See* Compl. (Dkt. # 1 at 10) ¶¶ 1, 8; *see also* Declaration of Michael J. Crisera ("Crisera Decl.") (Dkt. # 4), Exs. A, B.) According to its complaint in the California action, Tilden-Coil contracted with Westec to construct belt conveyors for a composting facility in Rancho Cucamonga, California. (Crisera Decl., Ex. A ¶¶ 1, 7, 10, 15.) Tilden-Coil alleges that Westec's belt conveyors were defective, and it seeks damages of over $2.3 million for breach of contract, negligence, and breach of express and implied warranties. (*See generally id.*) The California action is scheduled for trial in March 2010. (Declaration of William Marchant ("Marchant Decl.") (Dkt. # 7) ¶ 3.)

In October 2009, Tilden-Coil filed suit in King County, Washington, Superior Court (the "Washington action") seeking a declaratory judgment that Westec's insurance policy with defendant Landmark Insurance Company ("Landmark") will cover any liability Westec may have to Tilden-Coil. (Compl. § V.) Landmark removed the action to federal court. (Notice of Removal (Dkt. #1 at 1).) In its Notice of Removal, Landmark alleges that this court has diversity jurisdiction over the action because Tilden-Coil and Landmark are citizens of different states[1] and because the amount in controversy exceeds $75,000. (*Id.* at 2 (citing 28 U.S.C. § 1332(a)).)

Shortly thereafter, Tilden-Coil filed the instant motion to remand. Tilden-Coil contends that because the Washington action is a "direct action" against an insurer within

---

[1] Specifically, Tilden-Coil is a California corporation with its principal place of business in California, and Landmark is an Oklahoma corporation with its principal place of business in Georgia. (*Id.* at 2.)

ORDER- 2

the meaning of 28 U.S.C. § 1332(a)(1), Landmark is a citizen of Washington, and the action is not removable. (Mot. at 3-5.)

## II. ANALYSIS

In general, "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[.]" 28 U.S.C. § 1441(a). The district courts of the United States have "original jurisdiction" where there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Actions falling under the court's diversity jurisdiction are removable, however, "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). A federal court must remand a removed case back to state court if there is any defect which causes federal jurisdiction to fail or if there is any defect in the removal procedure. 28 U.S.C. § 1447(c).

Normally, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). In certain insurance cases, however, an insurer may also be deemed a citizen of a third state: the state of which the insured is a citizen. *Id.* Specifically, the insurer shall be deemed a citizen of the insured's state of citizenship "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant." *Id.*

The term "direct action" in § 1332(c)(1) applies to "those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring

suit against the other's liability insurer without joining the insured or first obtaining a judgment against him[.]" *Searles v. Cincinnati Ins. Co.*, 998 F.2d 728, 729 (9th Cir. 1993) (quoting *Beckham v. Safeco Ins. Co.*, 691 F.2d 898, 902 (9th Cir. 1982)). Moreover, "unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." *Id.* (quoting *Beckham*, 691 F.2d at 901-02). The Supreme Court has explained the legislative history of the "direct action" provision as follows:

> Congress added the proviso to § 1332(c) in 1964 in response to a sharp increase in the caseload of Federal District Courts in Louisiana resulting largely from that State's adoption of a direct action statute. The Louisiana statute permitted an injured party to sue the tortfeasor's insurer directly without joining the tortfeasor as a defendant. Its effect was to create diversity jurisdiction in cases in which both the tortfeasor and the injured party were residents of Louisiana, but the tortfeasor's insurer was considered a resident of another State. Believing that such suits did "not come within the spirit or the intent of the basic purpose of the diversity jurisdiction of the Federal judicial system," Congress enacted the proviso "to eliminate under the diversity jurisdiction of the U.S. district courts, suits on certain tort claims in which both parties are local residents, but which, under a State 'direct action' statute, may be brought directly against a foreign insurance carrier without joining the local tort-feasor as a defendant[.]"

*Northbrook Nat. Ins. Co. v. Brewer*, 493 U.S. 6, 9-10 (1989) (internal citations omitted) (holding that the direct action provision does not apply to actions brought in federal court by an insurer).

Tilden-Coil does not dispute that it is a California corporation with a principal place of business in California, nor does it dispute that Landmark is an Oklahoma corporation with a principal place of business in Georgia. Tilden-Coil contends, however, that Landmark should be deemed a citizen of Washington because Westec is a

ORDER- 4

citizen of Washington and the Washington action is a "direct action" against an insurer within the meaning of § 1332(c)(1). (Mot. at 3-5.) Tilden-Coil argues that the Washington action is a "direct action" because (1) Tilden-Coil suffered damages attributable to Westec and brought the action against Landmark prior to obtaining a judgment against Westec; and (2) the Washington action seeks to establish that "Landmark is responsible for paying Tilden-Coil's damages caused by Westec's actions." (*Id.* at 5.) As a result, according to Tilden-Coil, removal of the action to federal court is improper. (*Id.* (citing 28 U.S.C. § 1441(b)).)

Following *Searles* and *Northbrook*, the court holds that the Washington action is not a "direct action" resulting in Washington citizenship for Landmark. First, the liability Tilden-Coil seeks to impose against Landmark is not of the same nature as the liability Tilden-Coil seeks to impose against Westec. *See Searles*, 998 F.2d at 729. In the Washington action, Tilden-Coil seeks a declaratory judgment that if Westec is found liable to Tilden-Coil in the California action, then the insurance policy that Westec purchased from Landmark will cover that judgment. (Compl. § V.) Put another way, Tilden-Coil seeks to impose duties upon Landmark based on Landmark's contractual liability to Westec. This cause of action is not one that Tilden-Coil could have brought directly against Westec.

Second, Tilden-Coil is not attempting to circumvent the state court system by filing suit directly against an out-of-state insurer rather than against a tortfeasor that shares its citizenship. *See Northbrook,* 493 U.S. at 9-10 (explaining that Congress enacted the "direct action" proviso to defeat plaintiffs' attempts to *avoid* state court). In

fact, quite the opposite is true. Here, Tilden-Coil has sued both the tortfeasor and the insurer in separate actions in state court, and Tilden-Coil seeks to keep both actions in state court. This is not the situation contemplated by Congress when it added the "direct action" proviso to § 1332(c)(1). *See id.*

Because the Washington action is not a "direct action" within the meaning of 28 U.S.C. § 1332(c)(1), Landmark is not deemed to be a citizen of Washington. As a result, removal of the Washington action is appropriate because there is diversity of citizenship between the parties and no defendant is a citizen of Washington. 28 U.S.C. § 1441(b).

### III. CONCLUSION

For the foregoing reasons, the court DENIES Tilden-Coil's motion to remand (Dkt. # 3).

Dated this 8th day of December, 2009.

_____
JAMES L. ROBART
United States District Judge

ORDER- 6