UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TILDEN-COIL CONSTRUCTORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> LANDMARK AMERICAN INSURANCE COMPANY, <br><br> Defendant. | CASE NO. C09-1574JLR <br><br> ORDER |

This matter comes before the court on Plaintiff Tilden-Coil Constructors, Inc's ("Tilden-Coil") telephonic motion to compel. Tilden-Coil and Defendant Landmark American Insurance Company ("Landmark") ask the court to determine the extent to which work-product protection applies to the preparation of Landmark's denial of coverage letters. The court GRANTS Tilden-Coil's motion.

In September 2004, Tilden-Coil hired Westec Industries, Inc. ("Westec") to design and furnish a belt conveyor system for a composting facility. Not long after the

ORDER- 1

conveyors were installed, their coatings began to degrade.  In early 2006, Tilden-Coil notified Westec that it intended to seek reimbursement for the costs of repairing the conveyor system.  Westec forwarded the claim to Landmark, which denied coverage in a letter dated November 22, 2006.  (*See* Christiansen Decl. (Dkt. # 31) Ex. A.)  In March 2007, Tilden-Coil sued Westec in California state court.  Westec tendered the lawsuit to Landmark, which again denied coverage in a letter dated December 20, 2007.  (*See id.* Ex. B.)  In February 2009, Landmark reevaluated its coverage position and agreed to defend Westec.  On December 23, 2009, Tilden-Coil and Westec settled the California lawsuit.  Pursuant to the settlement agreement, Westec assigned its rights against Landmark to Tilden-Coil.  In the instant lawsuit, Tilden-Coil is pursuing the claims to which it succeeded as Westec's assignee.

On August 25, 2010, counsel for Tilden-Coil and Landmark called the court seeking resolution of a dispute regarding the scope of the work-product doctrine.  The dispute arose during the deposition of Marguerite Brown, an attorney hired by Landmark to prepare the letters denying Westec's claims.  On August 30, 2010, the parties filed letter briefs setting forth their positions. (Landmark Letter (Dkt. # 74); Tilden-Coil Letter (Dkt. # 76).)  The court heard argument in a telephone conference on September 17, 2010.  (Dkt. # 84.)

Under the Federal Rules of Civil Procedure, the work-product doctrine is not a privilege, but rather a qualified protection limiting discovery of "documents and tangible things" prepared by a party or its representative in anticipation of litigation or trial.  *Admiral Ins. Co. v. United States Dist. Court*, 881 F.2d 1486, 1494 (9th Cir. 1989) (citing

ORDER- 2

Fed. R. Civ. P. 26(b)(3)).  The party claiming work-product protection bears the burden of establishing that the doctrine applies.  *Heath v. F/V Zolotoi*, 221 F.R.D. 545, 549 (W.D. Wash. 2004).

"[A] document or thing produced or used by an insurer to evaluate an insured's claim in order to arrive at a claims decision in the ordinary and regular course of business is not work product regardless of the fact that it was produced after litigation was reasonably anticipated."  *Harper v. Auto-Owners Ins. Co.*, 138 F.R.D. 655, 663 (S.D. Ind. 1991).  Accordingly, it "is presumed that a document or thing prepared before a final decision was reached on an insured's claim, and which constitutes part of the factual inquiry into or evaluation of that claim, was prepared in the ordinary and routine course of the insurer's business of claim determination and is not work product."  *Id.*; *see also Country Life Ins. Co. v. St. Paul Surplus Lines Ins. Co.*, No. 03-1224, 2005 WL 3690565, at *7 (C.D. Ill. Jan. 31, 2005) ("Documents created before the insured is notified [of the denial of its claim] simply reflect the business that insurance companies do, namely investigating facts and determining whether those facts fall within policy coverage.  Until the decision to deny coverage is made and that decision is communicated to the insured, documents and communications are not protected by work product privilege.").  To overcome this presumption, "the insurer must demonstrate, by specific evidentiary proof of objective facts, that a reasonable anticipation of litigation existed when the document was produced, and that the document was prepared and used solely to prepare for that litigation, and not to arrive at a (or buttress a tentative) claim decision."  *Harper*, 138 F.R.D. at 663-64.  Further, "an insurer cannot delegate its obligation to make a coverage

ORDER- 3

1 determination, which is after all its business, to an attorney and then claim 'work product
2 privilege'." *Country Life*, 2005 WL 3690565, at *7.

3       Here, Landmark instructed Ms. Brown not to answer Tilden-Coil's questions
4 regarding the preparation of Landmark's denial of coverage letters and refused to produce
5 the documents Ms. Brown reviewed when she drafted the letters.  Because drafting a
6 denial letter is part of the "ordinary and routine course of the insurer's business of claim
7 determination," these activities are presumptively not entitled to work-product protection.
8 *Harper*, 138 F.R.D. at 663.  This is so even though Ms. Brown is an attorney.  *Country*
9 *Life*, 2005 WL 3690565, at * 7.  Landmark has not offered evidence to overcome this
10 presumption.  Therefore, the court GRANTS Tilden-Coil's telephonic motion to compel.
11 Tilden-Coil may question Ms. Brown regarding the process of preparing the denial
12 letters, and Landmark must produce those documents Ms. Brown reviewed when she
13 drafted the letters.  The court awards Tilden-Coil those attorney's fees and costs that it
14 will incur in returning to California to conclude Ms. Brown's deposition.  *See* Fed. R.
15 Civ. P. 37(a)(5).

16       Dated this 23rd day of September, 2010.

                                                        JAMES L. ROBART
                                                        United States District Judge